UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DON E. TOWNSEND,

                Plaintiff,                Case No. 1:13-cv-729

v.                                      Honorable Robert J. Jonker

ROSEMARY REAUME et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff, Don E. Townsend, is a state prisoner presently incarcerated at the West Shoreline Correctional Facility. Plaintiff pled guilty to carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and on November 3, 2009, was sentenced as a habitual offender, MICH. COMP. LAWS § 769.12, to 3 to 20 years.[1]

Defendant, Rosemary Reaume, is a social worker who provided mental health care services to Plaintiff while he was incarcerated at the Carson City Correctional Facility.[2] Defendant, Corizon Health, Inc., is a health management corporation that provides services to the Michigan Department of Corrections (MDOC). Presumably, Defendant Reaume was employed by Defendant Corizon.

Plaintiff brings this action against Defendants for an alleged Eighth Amendment violation. Specifically, Plaintiff alleges that on or about February 13, 2013, Defendant Reaume disclosed Plaintiff's confidential mental health information to a prison employee without Plaintiff's consent. Plaintiff alleges that the employee then disclosed this information to others. Plaintiff alleges that he notified Corizon about Defendant Reaume's disclosure, but Corizon did nothing. Plaintiff contends that Defendant Reaume's disclosure caused him to lose trust in Michigan Department of Corrections mental health care providers and interfered with his mental health treatment. Plaintiff seeks a declaratory judgment that his Eight Amendment rights were violated,

---

[1] According to his MDOC profile, Plaintiff currently has six additional active sentences stemming from a variety of drug offenses dating back to 1991.

[2] Plaintiff does not provide any information about when he was incarcerated at the Carson City Correctional Facility.

and compensatory and punitive damages for mental and emotional distress. Plaintiff does not allege that he suffered any physical injuries nor does he seek damages for physical injuries.

## Discussion

I. Legal Standard

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

II. Plaintiff Fails to State a Claim Against Defendant Corizon.

Plaintiff sues Defendant Corizon for failing to do anything after he notified it about Defendant Reaume's disclosure of his confidential mental health information. "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court will assume, without deciding, that Corizon is a state actor. A private corporation, like Corizon, "is not liable under § 1983 for torts committed by [its employees] when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)*; Greene v. Barber, 310 F.3d 889, 899* (6th Cir.

2002). A party cannot be held liable under § 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff's alleges that he notified Defendant Corizon about Defendant Reaume's disclosure of his confidential health information and Defendant Corzion failed to take any action. Defendant Corizon cannot be held liable under § 1983 for merely failing to act. Accordingly, Plaintiff does not state a claim against Defendant Corizon.

> III. Plaintiff's Constitutional Rights Were Not Violated by Defendant Reaume's Alleged Disclosure.
>
> A. Eighth Amendment

Plaintiff brings this action against Defendant Reaume for violating his Eighth Amendment rights by disclosing his confidential medical information without his consent.[3] The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced an objectively serious risk of harm, and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); see also *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference

---

[3]A private party is a "state actor" when the actions of the party are "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). A health care provider authorized to treat prison inmates is "'a person who may fairly be said to be a state actor.'" *West v. Atkins*, 487 U.S. 42, 55 (1988) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Court assumes, without deciding, that Defendant Reaume is a "state actor."

"entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff has not alleged any facts sufficient to establish that Defendant Reaume was deliberately indifferent to a serious risk of harm to Plaintiff. He merely alleges that she disclosed his confidential mental health information, that the disclosure undermined his mental health treatment and caused him to mistrust MDOC mental health care providers. Disclosure of an inmate's confidential medical records does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 91, 107 (1976) (distinguishing an Eighth Amendment claim from a medical malpractice claim); *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (explaining that conduct that is negligent or even grossly negligent does not violate the Eighth Amendment). Thus, Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

B. The Fourteenth Amendment

Plaintiff expressly states that he seeks relief for violation of his Eighth Amendment rights. Nevertheless and in an abundance of caution, the Court construes the complaint broadly and considers whether Plaintiff has sufficiently stated a claim for violation of his Fourteenth Amendment right to informational privacy. The Sixth Circuit recognizes a right to informational privacy under the Fourteenth Amendment, but unlike other circuits, "'[it] has developed and applied a different approach to assessing informational privacy claims' that 'requires that the asserted privacy interest implicate a fundamental right.'" *Lee v. City of Columbus*, 636 F.3d 245, 259 (6th Cir. 2011) (quoting

*Lambert v. Hartman*, 517 F.3d 433, 442 (6th Cir. 2008)). The court has repeatedly rejected the idea that there is "a general constitutional right to non-disclosure of private information." *Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir. 2008); *see, e.g., Lee*, 636 F.3d at 261 (city's requirement that employees returning from sick leave disclose the "nature of [their] illness" to their immediate supervisors does not implicate a fundamental right); *Summe v. Kenton Cnty. Clerk's Office*, 604 F.3d 257, 270-71 (6th Cir. 2010) (county's release of medical record of deputy county clerk to citizen pursuant to open records request did not implicate a right fundamental or implicit in the concept of ordered liberty so as to violate constitutional right to privacy); *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 591 (6th Cir. 2008) (school's disclosure of information to Children Services not a violation of plaintiff's constitutional rights); *Barber v. Overton*, 496 F.3d 449, 455-57 (6th Cir. 2007) (release of guards' birth dates and social security numbers did not rise to constitutional level); *Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir. 2003) (dissemination of prisoner's mental health records to parole board was not a constitutional violation); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (disclosure of rape victim's medical records to an inmate did not violate her constitutional privacy rights); *J.P. v. DeSanti*, 653 F.2d 1080, 1091 (6th Cir. 1981) (constitutional rights not violated by dissemination of juvenile delinquents' social histories to various agencies).

Thus, a plaintiff alleging a violation of his right to informational privacy must demonstrate that "the interest at stake relates to 'those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty.'" *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998) (quoting *DeSanti*, 653 F.2d at 1090). Only after a fundamental right is identified should the court proceed to the next step of the analysis – the balancing of the government's interest in disseminating the information against the individual's interest in keeping the information private.

*Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998). Applying these standards, the Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, *see Kallstrom*, 136 F.3d at 1061; and (2) where the information released was of a "sexual, personal, and humiliating nature." *See Bloch*, 156 F.3d at 684; *see also Lambert*, 517 F.3d at 440.

With respect to disclosure of medical information, the Sixth Circuit recently stated that it has "not yet confronted circumstances involving the disclosure of medical records that, in [its] view, are tantamount to a breach of a "fundamental liberty interest" under the Constitution." *Lee*, 636 F.3d at 261. In *Lee*, the plaintiff challenged a policy requiring city employees to disclose the "nature of [their] illness" to their immediate supervisors after taking sick leave. *Id*. at 248. The court upheld the policy, noting that it did not "implicate the preservation of life and personal security interests recognized in *Kallstrom*, or the interest in shielding sexuality and choices about sex, protected in *Bloch*." *Id.* at 261. Likewise, Plaintiff does not allege that the disclosure of his medical information subjected him to a risk of harm, as in *Kallstrom*, nor does he allege that the information disclosed was of a sexual or intimate nature, as in *Bloch*.

In a another case involving disclosure of prisoner medical information, the Sixth Circuit held that an inmate's constitutional right to privacy was not violated when a prison corrections officer learned from the inmate's medical records that he was HIV positive. *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994). *But see Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010) (distinguishing *Wigginton* and holding that an inmate had a constitutional privacy interest in guarding against disclosure of his HIV-positive status to other inmates, subject to legitimate penological interests).

The reasoning of *DeSanti*, *Wigginton* and *Lee* forecloses a Fourteenth Amendment claim in the instant case because the disclosure alleged by Plaintiff does not implicate a fundamental interest. To the extent that *Moore* favors a different result, that decision is neither binding nor persuasive in light of other published Sixth Circuit authority both predating *Moore* (*Wigginton*), and post-dating *Moore* (*Lee*). *Moore* does not employ the fundamental-interest analysis required by *DeSanti*, *Lambert*, *Bloch*, and *Lee*, nor does it cite any Sixth Circuit opinion in support of its holding. Instead, it expressly adopts the reasoning of the Third Circuit in *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001). *See Moore*, 379 F. App'x at 427 ("'It is beyond question that information about one's HIV-positive status is information of the most personal kind and that an individual has an interest in protecting against the dissemination of such information.'") (quoting *Delie*, 257 F.3d at 317)). However, as the *Delie* court recognized, the Sixth Circuit's decisions in *Wigginton* and *DeSanti* conflicted with its own. *Delie*, 257 F.3d at 319 n.7; *see Moore*, 379 F. App'x at 429 (Kethledge, J., dissenting). Even if the Court accepts the finding in *Moore* and *Delie* that a prisoner has an "interest" in protecting against disclosure of his HIV status to other inmates, it does not necessarily follow that such an interest is one of "constitutional dimension.*" See Lambert*, 517 F.3d at 440. Moreover, even assuming arguendo that protecting a prisoner's HIV status is a "fundamental interest," it does not follow that protection of all medical and/or mental health information rises to the same level. There is no claim here that the disclosed information involved Plaintiff's HIV status.

In accordance with *DeSanti*, *Wigginton* and *Lee*, Plaintiff does not state a Fourteenth Amendment claim because the disclosure of his mental health information as alleged here does not implicate a fundamental interest protected by the right to privacy under the Fourteenth Amendment.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: July 25, 2013         /s/ Robert J. Jonker
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE